## DANIEL HARMON *vs.* HENRY MERRILL & *al.*

Neither the town where her settlement is, nor the mother of a bastard child, has power to settle a prosecution under the bastardy act, against the alleged father of the child, without the consent of the other, and a settlement with either one is no discharge ; and therefore a note, given to the treasurer of the town, by the alleged father, on a settlement with the overseers, without the assent, approval, or ratification of the mother of the child, is without consideration, and no suit can be supported upon it.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

Assumpsit on a note by the defendants to the plaintiff, as treasurer of the town of *Durham*, promising to pay him $125,00 in eight months, with interest. The whole evidence appears in the exceptions, but enough is found in the opinion of the Court here, to understand the principle of law decided. On the evidence, the

District Judge instructed the jury, that if it was believed, the plaintiff could not maintain the suit. The plaintiff filed exceptions on the return of the verdict against him.

*Fessenden & Deblois* argued for the plaintiff, and cited *st.* 1821, *c.* 72; *Dennett* v. *Nevers,* 7 *Greenl.* 403; *Com. on Con.* 13; 8 *Mass. R.* 200; 10 *Mass. R.* 230; 15 *Mass. R.* 35.

*Codman & Fox* argued for the defendants, and cited 13 *Pick.* 285; *Dennett* v. *Nevers,* 7 *Greenl.* 403; 6 *Pick.* 104; 3 *Bingh.* 424; 17 *Pick.* 252; 5 *Mass. R.* 541.

The opinion of the Court was by

SHEPLEY J. — It appears from the testimony in the case, that one *Maria Cooper,* a pauper of the town of *Durham,* had made a complaint against *Merrill,* as the putative father of her child, upon which a warrant had issued; and *James Strout,* one of the overseers and special agent of the town, to adjust the business with *Merrill,* received the warrant and proceeded to the town of *Jackson,* where they agreed upon a conditional settlement. The promissory note now in suit, was received on such adjustment, and was to be delivered back, and the parties were to be again restored to their legal rights, if *Merrill* should appear at *Durham* before the next court, and submit to an arrest and examination there upon the warrant. If he did not so appear, the design seems to have been, that he should pay the note, and that the prosecution should be considered as settled. He did not appear according to the agreement.

It was decided, in the case of *Furbish* v. *Hall,* 8 *Greenl.* 315, that the property of a pauper does not rest in the town or overseers of the poor upon receiving supplies; and that the overseers could not submit a claim of the pauper to arbitration.

In the case of *Dennett* v. *Nevers,* 7 *Greenl.* 399, it was decided, that the statute, which prohibits the settlement of such a prosecution without the consent of the overseers, authorized the town having an interest in it, to advance its funds and aid in the prosecution. But it did not decide, that the town or its overseers thereby acquired the power of settling the prosecution, without her consent. While she cannot do it without theirs, they cannot do it

without hers.  There must be a mutual consent to discharge the accused party.

There is no evidence of her consent, or of any authority from her to make the conditional settlement, which was the consideration of the note.  Nor does ·it appear, that she had approved or ratified these proceedings.  *Merrill* was therefore still liable to 'be dealt with in the same manner as before the note was given.

The adjustment being ineffectual to afford him any protection, if he were required to pay the note, he must do it without having received any consideration for it, and without depriving the town or the pauper of any of their legal rights.

*Exceptions overruled.*